UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; HP INC., a Delaware corporation; and HEWLETT-PACKARD DEVELOPMENT COMPANY L.P., a Texas limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>OMAR SRHIR, an individual; HP SUPPLY LLC, a Wyoming limited liability company; HP SUPPLY LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:25-cv-00412-TL<br><br>ORDER ON MOTION TO SET ASIDE DEFAULT |

This matter is before the Court on Defendant Omar Srhir's motion to Set Aside Default. Dkt. No. 21. Having considered the Motion, Plaintiffs' Response (Dkt. No. 25), and Defendant Srhir's Reply and supporting declaration (Dkt. Nos. 28, 29), the Court GRANTS the motion as to Defendant Srhir. To the extent that Defendant Srhir moves to set aside entry of default as to his codefendants, the motion is DENIED.

I.   BACKGROUND

This is a counterfeit enforcement action brought by Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, and HP Inc. Dkt. No. 1 (Complaint). Plaintiffs filed a complaint on March 7, 2025, against three Defendants: Omar Srhir; HP Supply LLC, a Wyoming limited liability company ("the Wyoming LLC"); and HP Supply LLC, a California limited liability company ("the California LLC"). *Id.* Defendant Srhir is the owner of the Wyoming LLC and the California LLC (collectively, "the LLC Defendants"). Dkt. No. 26 (Commerson Decl.) at 5.

On March 21, 2025, service on the Wyoming LLC was perfected by personal service on its registered agent. Dkt. No. 15 (Rainwater Decl.) at 1; *see* Dkt. No. 12 (Affidavit of Service). Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), the deadline for the Wyoming LLC to file an answer or otherwise respond to the complaint was therefore April 11, 2025.

On March 24, 2025, an attempt to serve the California LLC, via personal service of Mr. Srhir at a California address, was unsuccessful. Dkt. No. 11.[1] Defendant Srhir is the registered agent of the California LLC. *Id.* at 1. The same day, Defendant Srhir contacted Plaintiffs' counsel by phone to discuss the lawsuit. Dkt. No. 15 at 2. The next day, March 25, 2025, Plaintiffs' counsel sent waivers of service to Defendant Srhir via email for Defendants Srhir and the California LLC. Dkt. Nos. 9, 10 (waivers of service); Dkt. No. 15 at 2. The day after that, March 26, 2025, Defendant Srhir signed and returned both waivers, and Plaintiffs' counsel filed them on the docket. Dkt. Nos. 9, 10. Under his signature on each of the waivers, Defendant Srhir provided a United Kingdom address for himself. *Id.* The signed waivers read, in part:

> I have received . . . a copy of the complaint . . . . I understand that
> . . . I waive any objections to the absence of a summons or of
> service. I also understand that I, or the entity I represent, must file
> and serve an answer or a motion under Rule 12 within 60 days

---

[1] As evidenced by the docket number, the affidavit of attempted service was only filed later, after Mr. Srhir had already waived service on behalf of himself and the California LLC.

ORDER ON MOTION TO SET ASIDE DEFAULT – 2

> from 03/25/2025, the date on which this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

*Id.* Assuming that Defendant Srhir was indeed outside the United States when he received the waivers, the applicable deadline for Defendant Srhir and the California LLC to file an answer or otherwise respond to the complaint was therefore June 23, 2025.

On July 21, 2025, the Court received a letter from Defendant Srhir. Dkt. No. 13. This letter included the following statements:

> (1) I, Omar Srhir, have not been properly served with a summons or complaint under U.S. or international service rules, including the Hague Convention. I currently reside outside the United States and only became aware of this case after checking public court records online. I have not been personally contacted or served by any authorized process.
>
> (2) HP Supply LLC, a Wyoming limited liability company named in this case, also has not had a fair opportunity to respond. Although service may have been attempted through a registered agent, the company does not have legal counsel in the United States, and I, as its foreign-based owner, was not notified of the lawsuit in time to respond. The registered agent did not send me any physical or electronic notice of the delivery. The documents were uploaded to an internal portal without any direct alert or confirmation. As a result, I had no knowledge of the complaint until much later.
>
> (3) HP Supply LLC does not currently have the financial means to retain a U.S. attorney. I understand that the company must be represented by counsel in federal court, but I respectfully request the Court to acknowledge these circumstances and delay or prevent entry of default judgment at this time.
>
> Neither I nor HP Supply LLC is attempting to avoid the legal process. I am making a good faith effort to participate in these proceedings and to respond appropriately as soon as possible. Please consider this letter as a formal request that the Court refrain from entering default judgment against me or HP Supply LLC and provide time to seek counsel or explore a fair resolution.

*Id.* at 1. However, neither Defendant Srhir nor the LLC Defendants responded to Plaintiffs' complaint by filing an answer or a motion to dismiss.

On July 31, 2025, Plaintiffs moved for entry of default against all Defendants. Dkt. No. 14. In a declaration in support of this motion, Plaintiffs' counsel reported that she had personally discussed the lawsuit with Defendant Srhir on March 24, 2025, and that "During that call, Defendant Srhir acknowledged his company HP Supply WY had been served in this action." Dkt. No. 15 at 2. Additionally, Plaintiffs' counsel indicated that Defendant Srhir had hired the law firm Stockman & Poropat, PLLC, of Lynbrook, New York ("settlement counsel"), to represent him in settlement negotiations; that negotiations broke down on June 30, 2025, at which time Plaintiffs informed Defendants' counsel that they intended to seek entry of default against Defendants if Defendants did not respond to the Complaint by July 14, 2025; and that settlement counsel responded that "our client fully understands the risks of default should it come to that [and] has no intention to hire local counsel or appear at the Rule 26(f) Conference." *Id.* at 2–3, 15.

On August 8, 2025, the Clerk entered Default against all Defendants. Dkt. No. 16.

On August 11, 2025, Defendant Srhir filed a document that included his answer to the complaint and a second letter asserting that he had not been served. Dkt. No. 18.

On September 4, 2025, Defendant Srhir filed the instant motion. Dkt. No. 21.

## II. LEGAL STANDARD

"As a general rule, default judgments are disfavored." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). Except in "extreme circumstances," a case should be decided on the merits rather than by default. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Courts have discretion under Federal Rule of Civil Procedure 55(c) to set aside

an entry of default for good cause, and "[t]he Court's discretion is especially broad where it is entry of default rather than default judgment that is being set aside." *Bergman v. Moto*, No. C22-0161, 2022 WL 16574322, at *1 (W.D. Wash. Oct. 28, 2022) (citing *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)); *see also O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (same). The defendant bears the burden of showing that relief from default is warranted. *See Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

In order to set aside an entry of default, a court must determine that "good cause" exists by considering three factors: (1) the defendant's level of culpability in causing the default, (2) the existence of a meritorious defense, and (3) the prejudice to the plaintiff. *Mesle,* 615 F.3d at 1091 (citing *Franchise Holding II*, 375 F.3d at 925–26). These factors are disjunctive, and the Court may deny the motion if "any one of these factors is true." *Id.* However, "[a]ny doubt should be resolved in favor of deciding a case on the merits where timely relief from default is sought and the movant has a meritorious defense." *Bergman*, 2022 WL 16574322, at *1 (citing *Mesle*, 615 F.3d at 1091).

### III.   DISCUSSION

#### A.   The LLC Defendants

To the extent Defendant Srhir moves to set aside default as to the LLC Defendants, he cannot do so because he cannot represent them. "A business entity, except a sole proprietorship, must be represented by counsel." LCR 83.2(b)(4) Mr. Srhir is not an attorney, and "[a] Limited Liability Company cannot be represented pro se in this Court." *Touch Networks, Inc. v. Gogi Design, LLC*, No. C07-1686, 2007 WL 9775634, at *1 n.3 (W.D. Wash. Dec. 20, 2007). The LLC Defendants have responded to neither the complaint nor the entry of default, and Defendant Srhir may not do so on their behalf.

B.   **Defendant Srhir**

As for Defendant Srhir, Plaintiffs oppose his motion to set aside default on the ground that he was "culpable in [his] failure to timely answer the Complaint" because he received actual notice of the action no later than March 24, 2025, personally waived service on March 26, 2025, engaged and worked with U.S. counsel for months prior to that deadline, and only attempted to answer the complaint "weeks after the answer deadline had already passed." Dkt. No. 25 at 6. Plaintiffs provide extensive authority that, under the circumstances, culpability "alone is sufficient to deny the Motion." *Id.* at 7 (citing *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011); *Richmark Corp. v. Timber Falling Consultants, Inc.*, 937 F.2d 1444, 1449 (9th Cir. 1991); *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986)).

1.   **Culpable Conduct**

Where a defendant is unrepresented, the Ninth Circuit has articulated that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle,* 615 F.3d at 1092 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (*abrogated on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). In this context, "intentionally" requires something more than conscious choice. *Id.* "[R]ather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (quoting *TCI Grp.*, 244 F.3d at 697). Overall, the Ninth Circuit has "typically held" that for the purposes of the good-cause factors, a defendant's conduct was culpable "where there is no explanation of a default inconsistent with devious, deliberate, willful, or bad faith failure to respond." *Id.* (quoting *TCI Grp.*, 244 F.3d at 698).

      Defendant Srhir asserts that his conduct was not culpable because he "made multiple attempts to submit his Answer before default was entered. The missed filing deadline was due to a clerical error (a typo in the court's email address) and not to any intent to ignore the proceedings." Dkt. No. 21 at 2. None of this excuses his late filing. First, the "filing deadline" was not August 11, 2025, when default was entered, but June 30, 2025, 90 days after Defendant Srhir was sent a waiver of service. Fed. R. Civ. P. 4(d)(3); *see* Dkt. No. 10. Defendant Srhir was aware of this deadline as early as March 26, 2025 (Dkt. No. 10), was informed through his settlement counsel on June 30, 2025, that Plaintiffs intended to move for entry of defaults (Dkt. No. 14 at 2), and communicated to Plaintiffs through his settlement counsel that he understood the risk of default and did not intend to comport with his responsibilities before this Court (*id.* at 2–3, 15). These events are well documented in Plaintiffs' filings, and Defendant Srhir does not allege that they did not occur, that Plaintiffs have misrepresented them, or that his settlement counsel misconstrued his knowledge or intentions. In other words, these are unrebutted facts that show that "there is no explanation" of Defendant Srhir's default "inconsistent with . . . deliberate, willful, or bad faith failure to respond" *Mesle,* 615 F.3d at 1092 (quoting *TCI Grp.* 244 F.3d at 698).

      Defendant Srhir's conduct is therefore culpable. However, the Court does note one similarity between Defendant Srhir and the defaulting defendant in *Mesle* that mitigates the *degree* of culpability it ascribes to Defendant Srhir. In *Mesle*, the Ninth Circuit reversed the district court's denial of a defendant's motion to set aside default, finding that the defendant's conduct was not culpable, in part, because his

> failure to respond allowed him neither to take advantage of the [plaintiff], nor to manipulate the legal process. The only outcome that such a failure could have earned him was what he received: a default and a heightened possibility of the loss of his property, which was already in the hands of the [plaintiff] and which he had

ORDER ON MOTION TO SET ASIDE DEFAULT – 7

>no hopes of reacquiring except through engaging in the legal process. In contrast, behavior that we have found culpable usually involves conduct by parties that is calculated to help them retain property in their possession, and avoid liability by staying out of court: for instance, when companies act to avoid service in order to thwart their customers' attempts to bring suit against them.

*Mesle,* 615 F.3d at 1093–94. Here, too, Defendant Srhir appears to have gained no strategic advantage by failing to defend this case, and his "business funds and inventory" are currently in Plaintiffs' possession. Dkt. No. 28 at 3. Although his previous access to legal counsel at the time of default and his clear willfulness distinguish his case from *Mesle*, the lack of benefit Defendant Srhir derived from his culpable conduct decreases the weight the Court ascribes to this factor.

Therefore, the Court finds that Defendant Srhir's conduct is culpable. This factor weighs against granting the motion, but less heavily than it would had the culpable conduct afforded any strategic benefit to Defendant Srhir.

### 2. Meritorious Defenses

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. Defendant's burden on this factor is "not extraordinarily heavy." *Id.* (quoting *TCI Grp.*, 244 F.3d at 700).

Plaintiffs assert four claims, all predicated on Defendants' dealing in counterfeit HP products or trademarks. Dkt. No. 1 at 14–18. Defendant Srhir's motion asserts that he "purchased and sold only genuine HP products sourced through authorized wholesale distributors and operated solely within Amazon's fulfillment system," facts that, if proved, would constitute a defense to all claims. Dkt. No. 21 at 2. Defendant Srhir therefore meets his minimal burden on this factor.

Plaintiffs do not contest this. *See generally* Dkt. No. 25.

Therefore, the second factor weighs strongly in favor of setting aside default.

### 3. Prejudice

To be prejudicial, the harm of setting aside default must be more than simply delaying resolution of the case. *TCI Grp.*, 244 F.3d at 701. To constitute sufficient prejudice, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)). Here, Defendant Srhir filed an answer just three days after the entry of default and moved to set aside the default entry less than one month after that. "[M]erely being forced to litigate on the merits" is not prejudicial. *Id.* Plaintiffs have not alleged that granting Defendant Srhir's motion would prejudice them (*see generally* Dkt. No. 25), and the Court sees no evidence, beyond mere delay, that it would. Therefore, this factor clearly weighs in favor of setting aside default, although the Court weighs this factor less heavily than the others.

\*   \*   \*

Based on the record before it, and the highly persuasive case law Plaintiffs have presented (*see* Dkt. No. 25 at 7), the Court is confident it would be well within its discretion to deny the motion to set aside default. However, considering that the factors are almost evenly balanced, that Defendant Srhir has a meritorious defense, that he acted quickly to set aside default once it was entered, and that under such circumstances "doubt should be resolved in favor of deciding a case on the merits," *Bergman*, 2022 WL 16574322, at \*1, the Court finds good cause to set aside default as to Defendant Srhir and, accordingly, GRANTS his motion.

## C. Defendant Srhir's Inaccurate Representations to the Court

Although the Court grants the relief requested, it does so in spite of, not because of, numerous misrepresentations Defendant Srhir has presented to the Court in just a short amount of time. Perhaps the most egregious of these is his July 21, 2025, statement that he "only became aware of this case after checking public court records online" and had "not been personally

contacted or served by any authorized process." Dkt. No. 13 at 1. But Plaintiffs have provided the Court with documentary evidence that strips this statement of all credibility. In addition to the signed waivers of service, this evidence includes:

- A March 24, 2025, email from Defendant Srhir to Plaintiffs' counsel, thanking her "for taking the time to speak with me regarding the lawsuit filed by Amazon and HP." Dkt. No. 15 at 5.

- An April 21, 2025, letter of representation from Defendant Srhir's settlement counsel, informing Plaintiffs that their firm had "been retained by Omar Srhir for settlement purposes only in connection with the above-referenced lawsuit" and inquiring if Plaintiffs were "willing to extend the deadline to answer for HP Supply LLC, Wyoming to May 27, 2025." Dkt. No. 26 at 5.

- Settlement counsel's July 8, 2025, email stating "our client fully understands the risks of default should it come to that. He has no intention to hire local counsel or appear at the Rule 26(f) Conference." Dkt. No. 15 at 15.

The same evidence casts serious doubt on other statements by Defendant Srhir, including (but not limited to) his assertion that "[a]ny delay in submitting a formal response was not due to negligence or avoidance, but because of my lack of legal knowledge, my financial inability to retain a U.S. attorney, and my limited understanding of the process as a non-resident," Dkt. No. 18 at 47–48. The claim that Mr. Srhir "consulted briefly with U.S. counsel" also stretches the truth: He hired a New York firm to represent him for settlement purposes, and his attorneys communicated with Plaintiffs' counsel on his behalf for several months. These and numerous other statements by Defendant Srhir are either plain falsehoods or unacceptable distortions.

While these proceedings will continue so that Defendant Srhir may present his case, he now begins under the shadow cast by his numerous inaccurate representations to the Court. The

1  Court expects Defendant Srhir to proceed with candor in all future filings, and to comply with all
2  applicable deadlines and procedural rules, so that this shadow might pass.
3    Defendant Srhir is advised that pro se litigants are subject to Federal Rule of Civil
4  Procedure 11, which permits district courts to impose sanctions on parties and attorneys for
5  making inaccurate representations to the Court. *See Ligeri v. Amazon.com Servs. LLC*, No. C25-
6  764, 2025 WL 2161497, at *2 (W.D. Wash. July 30, 2025) (*citing Warren v. Guelker*, 29 F.3d
7  1386, 1390 (9th Cir. 1994)), *reconsideration denied,* 2025 WL 2212595 (Aug. 4, 2025). "Should
8  the court locate any other material misstatements . . . in Defendant['s] future filings, the court
9  will not hesitate to issue [an] order to show cause as to why . . . sanctions should not be
10 imposed." *Promedev, LLC v. Wilson*, No. C22-1063, 2024 WL 1606667, at *3 (W.D. Wash. Apr.
11 12, 2024).

### IV.   CONCLUSION

Accordingly, the Court herby ORDERS as follows:

(1)   Defendant Srhir's Motion to Set Aside Default (Dkt. No. 21) is GRANTED. The Entry of Default (Dkt. No. 16) is VACATED as to Defendant Srhir only.

(2)   The Supplemental Declaration of Omar Srhir (Dkt. No. 30) is STRICKEN as improper. A movant is only allowed one reply in support of a motion. LCR 7(b)(3).

(2)   Defendant Srhir is ORDERED to file a notice, by no later than **November 24, 2025**, affirming under penalty of perjury that he understands his duty to make accurate representations to the Court and his responsibility to comply with deadlines and procedural rules. Defendant Srhir is REMINDED that this and all future filings may not be submitted by email but must be mailed with sufficient time to arrive at the Court on or before the deadline. Failure to file a timely and satisfactory notice, or

to comply with all deadlines and procedural rules in the future, may result in sanctions.

Dated this 23rd day of October, 2025.

Tana Lin
United States District Judge

ORDER ON MOTION TO SET ASIDE DEFAULT – 12